UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELE A. JOSEPH, Individually, | § § | |
| Plaintiff, | § § | CASE NO. _____ |
| vs. | § § | NO JURY |
| SHIV PARTNERS, LTD., a Texas Limited Partnership, d/b/a La Quinta Inn Austin North, | § § § | Magistrate Requested |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
(Injunctive Relief and Damages Demanded)

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, MICHELE A. JOSEPH, on her behalf and on behalf of all other mobility impaired and blind individuals similarly situated ("Plaintiff"), and hereby sues the Defendant, SHIV PARTNERS, LTD., a Texas Limited Partnership, d/b/a La Quinta Inn Austin North, ("Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for declaratory relief and damages pursuant to the Texas Human Resources Code, Section 121.003, et seq.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12181, et seq.**

**I. PARTIES**

1.      Plaintiff, MICHELE A. JOSEPH, is an individual residing in North Las Vegas, NV, in the County of Clark.

2. Defendant's property, La Quinta Inn Austin North is located at 7622 IH 35 North, Austin, TX 78752, in the County of Travis.

## II.   JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action. This Court has been given original jurisdiction over actions arising from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. This Court has supplemental jurisdiction over Plaintiff's State Court claim, pursuant to 28 U.S.C. § 1367.

5. Venue is properly in the United States District Court for the Western District of Texas because venue lies in the judicial district of the property situs. The Defendant's property is located in the Western District of Texas and the Defendant conducts business within this judicial district.

## III.   STATUTORY BACKGROUND

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

7. Among other things, Congress made findings in 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9) that included:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against

2

individuals with disabilities continue to be a serious and pervasive social problem;

  c. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

  d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

  e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

8. Congress also explicitly stated in 42 U.S.C. § 12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

  a. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  c. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the

major areas of discrimination faced day-to-day by people with disabilities.

9. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

10. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## IV. THE PARTIES AND STANDING

11. Plaintiff Michele A. Joseph is a Nevada resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. She is a double amputee and uses a power chair for mobility. Ms. Joseph goes to Austin to enjoy the numerous tourist attractions the city offers, to visit a friend, to advocate for disabled rights, and in conjunction with visiting her brother, who lives in San Antonio, TX. While at the Defendant's property, the Plaintiff encountered architectural barriers that endangered her safety. Michele Joseph was a guest of the hotel on November 18, 2016, which forms the basis of this lawsuit. She intends to return to the subject hotel when it is accessible to her, to avail herself to the goods and services offered to the public at the property, and to confirm the property is brought into compliance with the ADA.

12. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

4

13. Defendant owns, or leases, or leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as La Quinta Inn Austin North, and is located at 7622 IH 35 North, Austin, TX 78752.

14. MICHELE A. JOSEPH has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHELE A. JOSEPH desires to visit La Quinta Inn Austin North, not only to avail herself of the goods and services available at the properties but to assure herself that these properties are in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

15. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

## THE INSTANT CLAIM

16. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of La Quinta Inn Austin North has shown that violations exist. These violations personally encountered or observed by Ms. Joseph include, but are not limited to:

**General Sites and Building Elements**

A.  There are designated accessible parking spaces and access aisles that have faded paint and have not been maintained, in violation of Section 36.211 of the ADA Standards, which remedy is readily achievable. This condition makes it difficult to locate disabled parking spaces and makes traversing same, unsafe to the Plaintiff.

B.  The passenger loading zone does not provide a marked access aisle adjacent to the vehicle pull up space, which made it dangerous for plaintiff to exit and enter her vehicle safely, violating Section 503.3.3 of the 2010 Standards, whose remedy is readily achievable.

C.  There are designated accessible parking spaces and access aisles that have running slopes and cross slopes exceeding the maximum allowances, which made it difficult and dangerous for plaintiff to exit and enter the vehicle safely, in violation of Sections 502.4 and 302 of the 2010 Standards, whose remedy is readily achievable.

D.  There are built up curb ramps projecting into the access aisle serving some of the designated accessible parking spaces creating compound surface slopes, which made it difficult and dangerous for plaintiff to exit and enter her vehicle safely, in violation of Section 502.4 of the 2010 Standards, whose remedy is readily achievable.

E.  There are designated accessible parking spaces and access aisles with cracked and broken asphalt, creating vertical changes in level and an uneven surface, making it dangerous for plaintiff to exit and enter the vehicle safely, violating Section 502.4 of the 2010 Standards, whose remedy is readily achievable.

F.  There are designated accessible parking spaces with access aisles that do not lead to an accessible route due to a vertical change in level, which made it difficult for plaintiff to traverse to the facility entrances safely, in violation of Section 502.3 of the 2010 Standards, whose remedy is readily achievable.

G.  The designated accessible parking spaces do not provide the required signs identifying the spaces as accessible, violating Sections 216.5, 502.6 and 703.7.2.1 of the 2010 Standards, whose remedy is readily achievable.

H.  The parking facility does not provide the required "Van Accessible" designation signage identifying one of the accessible parking spaces as "Van" accessible, in

violation of Sections 208.2.4 and 502.6 of the 2010 Standards, whose remedy is readily achievable.

**Accessible Routes**

I. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities in violation of Section 36.211 of the ADAA, whose remedy is readily achievable.

J. There is not an accessible route from some of the designated accessible parking spaces to the entrances they serve, due to the built-up curb ramps projecting into the access aisles serving the spaces, making it difficult for plaintiff to exit and enter the vehicle safely, violating Sections 206.2.1 and 406.5 of the 2010 Standards, whose remedy is readily achievable.

K. There is not a continuous path of travel connecting all essential elements of the facility, making it difficult plaintiff to access all the elements of the facility without assistance, in violation of Section 206.2.2 of the 2010 ADA Standards, whose remedy is readily achievable.

L. There are curb ramps that have side flare slopes exceeding the maximum allowance of 1:10, making it difficult and dangerous for plaintiff to traverse to the facility entrance safely, violating Section 406.3 of the 2010 Standards, whose remedy is readily achievable.

M. There are curb ramps that have running slopes exceeding the maximum allowance of 1:12, as well as, vertical changes in level at the terminus, which made it difficult and dangerous for plaintiff to traverse the facility's exterior safely, violating Sections 405.2 and 405.4 of the 2010 Standards, whose remedy is readily achievable.

N. There are curb ramps that do not provide a compliant landing at the top of the ramp as required, which made it difficult and dangerous for plaintiff to traverse the exterior of the facility safely, violating Section 406.4 of the 2010 Standards, whose remedy is readily achievable.

O. There are curb ramps at the facility that do not have edge protection or side-flares as required, which made it dangerous for plaintiff to traverse the facility's exterior, violating Sections 405.9 and 406.3 of the 2010 ADA Standards, which remedy is readily achievable.

P.  There are entrances to this facility that have stairs leading to it that do not provide the required handrails on both sides, violating Section 504.6, whose remedy is readily achievable.

Q.  There are entrance doors that do not provide the required International Symbol of Accessibility signage, violating Sections 216.6 and 703.7.2.1 of the 2010 Standards, whose remedy is readily achievable.

**Public Restrooms**

R.  The lavatory in the restroom does not provide the minimum 30" wide clear floor space, violating Section 606.2 of the 2010 Standards, which prevented plaintiff from accessing the lavatory to wash her hands, whose remedy is readily achievable.

**Designated Accessible Guest Room**

S.  The guest room entrance peephole exceeds the maximum height allowance of 48" AFF, which made it difficult for plaintiff to safely check the door before opening, violating Section 404.2.7, 309.3, and 3.8.2.1 of the 2010 Standards, which remedy is readily achievable.

T.  There are light fixtures provided in the guest room that are not within the required reach range to operate, making it difficult for plaintiff to access, in violation of Section 308 of the 2010 Standard, whose remedy is readily achievable.

U.  The curtain control wand is located above the maximum height allowance and requires tight grasping, pinching and twisting of the wrist to operate, making it difficult for plaintiff to open and close the curtain, in violation of Sections 309.3 and 309.4 of the 2010 Standards, whose remedy is readily achievable.

V.  The guest room bathroom lavatory water lines and drain pipe is not insulated or configured against contact, which prevented plaintiff from accessing the lavatory safely, violating Section 606.5 of the 2010 Standards, whose remedy is readily achievable.

W.  The trash receptacle located in the guest room bathroom obstructs the clear floor space of the water closet, which made it difficult for plaintiff to access the water closet, violating Sections 604.3.1 of the 2010 Standards, whose remedy is readily achievable.

X.     The guest room bathroom water closet flush control is not mounted on the open side of water closet area as required, violating Sections 806.2.4 and 604.6 of the 2010 Standards, which remedy is readily achievable.

Y.     The bathtub faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub as required, and the bathtub stop control requires tight grasping, pinching and twisting of the wrist to operate, violating Sections 806.2.4, 607.5 and 309.4 of the 2010 ADA Standards, which remedy is readily achievable.

Z.     The bathtub grab bars are not mounted in accordance with Section 607.4.2 of the 2010 Standards, which made it difficult for plaintiff to bath safely without assistance, whose remedy is readily achievable.

AA.     The bathtub's hand held shower spray unit provided is located above the maximum reach range allowance of 48" above the bathtub floor, and does not provide the on/off control with a non-positive shut off, which made it difficult and dangerous for plaintiff to shower safely, violating Section 607.6 of the 2010 Standards, whose remedy is readily achievable.

BB.     There is no permanent or removable in-tub seat provided as required, which made it difficult and dangerous for plaintiff to bath safely, in violation of Sections 806.2.4 and 607.3 of the 2010 Standards, whose remedy is readily achievable.

CC.     It does not appear the disabled hotel rooms are properly dispersed in violation of Section 224.5.

17.     All of the foregoing violations are violations of the 1991 Americans with Disabilities Act Guidelines, and the 2010 ADA Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

18.     The discriminatory violations described in paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

19.     The individual Plaintiff, and all other individuals similarly situated have been

denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities,

including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A), sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

23. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

25. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff Injunctive Relief including an order to alter La Quinta Inn Austin North to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION

27. Plaintiff re-alleges and re-avers all prior allegations of this Complaint, as if fully contained herein.

28. Section 121.003 of the Texas Human Resources Code prohibits discrimination on the basis of disability. Such discrimination includes, *inter alia*: refusing to allow a person with a disability the use of or admittance to a public facility; failing to comply with the requirements of

the Texas Architectural Barriers Act (recodified at Tex. Gov't. Code § 469.001, *et seq.* as Elimination of Architectural Barriers); failing to make reasonable accommodations in policies, practices and procedures; or failing to provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

29. The facility owned and/or operated by Defendant is a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

30. Section 121.004 of the Texas Human Resources Code provides that any person, firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

31. Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes damages in the amount of at least $300.00.

32. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject property in derogation of the Texas Human Resources Code § 121.003.

33. The Plaintiff has been unable to and continues to be unable to fully and safely enjoy the benefits of the goods and services offered at the subject property, in violation of the ADA and the Texas Architectural Barriers Act.

34. Defendant is in violation of the Texas Architectural Barriers Act (Tex. Gov't Code § 469, *et. seq.*) and is discriminating against the Plaintiff as set forth herein.

35. As a result of the aforementioned discrimination, Plaintiff Michele A. Joseph has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in

violation of the ADA and the Texas Architectural Barriers Act.

**WHEREFORE,** the Plaintiff demands judgment against Defendant as follows:

    a.    That the Court declare that the property owned and administered by Defendant is violative of Texas Human Resources Code § 121.003;

    b.    That the Court award compensatory damages to Plaintiff in such an amount as the Court deems just and proper;

    c.    That costs be taxed to Defendant; and

    d.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

_____
Abraham Levit, Esq., Attorney in Charge
ABRAHAM LEVIT, ATTORNEY AT LAW
Texas Bar No. 12258700
1001 West Loop South, Suite 880
Houston, TX 77207
(713) 888-0711 – telephone
(281) 652-5822 – facsimile
alevitatty@gmail.com

John P. Fuller, Esq., Attorney in Charge
FULLER, FULLER & ASSOCIATES, P.A.
FL Bar No. 0276847
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199 - telephone
(305) 893-9505 - facsimile
jpf@fullerfuller.com

Counsel for Plaintiff

#5103-SHIV PARTNERS, LTD. Complaint (slm 3-3-16)